## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**CITY OF OCALA, a Florida municipal
corporation**

      **Plaintiff,**

**v.**                                                            **Case No: 5:12-CV-48-Oc-10PRL**

**SAFETY NATIONAL CASUALTY
CORPORATION**

      **Defendant.**

_____

### <u>ORDER</u>

Plaintiff has sued Defendant seeking a declaratory judgment and damages under an insurance policy.  Specifically, Plaintiff is insured by a policy issued by Defendant for excess worker's compensation and employer's liability claims for amounts in excess of $500,000.00. Plaintiff has (or had) a worker's compensation claim in excess of that amount, but Defendant denied coverage.  Accordingly, Plaintiff sued Defendant for breach of contract.  In response, Defendant claims that Plaintiff did not provide proper notice and did not use diligence, prudence, and good faith in the defense and settlement of the employee's claim, as required under the policy (as a condition precedent to providing coverage).  Defendant, therefore, contends that it correctly withheld coverage.

This cause is presently before the Court on Defendant's Motion to Compel Disclosure of Certain Documents Withheld by Plaintiff on the Basis of Asserted Privileges and Motion for an *In Camera* Review of Said Documents (Doc. 29), filed on April 4, 2013, and on Plaintiff's Response (Doc. 32) in opposition, filed on April 18, 2013.

As an initial matter, this case has been pending since October 28, 2011.[1]  Discovery closed on January 30, 2013.  Despite the deadlines established in this case, Defendant waited until April 4, 2013, to file its motion to compel, which did not become ripe until April 18, 2013, just six days before the final pretrial conference, which was held on April 24, 2013.  Although Defendant's motion was filed at a late stage in the case and after the close of discovery (which may be reason enough to deny any motion to compel, absent Court approval of a discovery extension), the record reflects that both parties continued discovery after it closed and that at that time the current dispute arose.

Defendant deposed Mr. Mark LaTorella on February 11, 2013, which was 12 days after the close of discovery.  (Doc. 29, at ¶13).  It is the documents that Mr. LaTorella produced (or rather withheld) at his deposition that are at issue in Defendant's present motion.  On February 25, 2013, Plaintiff served its privilege log and limited production of the documents that had been withheld at Mr. LaTorella's deposition.  Then, there is correspondence between counsel regarding production of these documents on the following dates: February 11, 2013, February 12, 2013, February 18, 2013, February 19, 2013, February 21, 2013, February 22, 2013, March 11, 2013, and March 14, 2013.  (*See* Doc. 29, Exhs. 5-6).

Defendant asks the Court to now conduct an *in camera* review of the LaTorella documents that have been withheld by Plaintiff and, ultimately, enter an order compelling Plaintiff to disclose those documents.  (Doc. 29).  Notably, the parties have resolved their dispute with regard to some of the documents; however, Defendant still seeks the documents identified on Plaintiff's privilege log as items 1, 4, and 8-15 (Doc. 29-5).  Defendant submits that these

---

[1] October 28, 2011, is the date Plaintiff filed its complaint in state court.  This action was subsequently removed to this Court on January 20, 2012.

documents comprise fifty-four (54) pages, plus eight more pages that were produced to Defendant with redactions.  (Doc. 29, at ¶ 9).

Defendant contends that the withheld documents are directly relevant to Plaintiff's handling of the employee's worker's compensation claim and Defendant's defense that Plaintiff made an affirmative decision not to settle the employee's claim, even when the employee's attorney(s) attempted three times to initiate a settlement.  Defendant has also asserted that it cannot get this information elsewhere, as it has already deposed the three individuals who were involved in the handling of the employee's claim.

In contrast, Plaintiff claims that the communications listed as items 1 and 4 on Plaintiff's privilege log are protected by the attorney-client privilege, and that the remaining documents are protected by the work product doctrine.

## I. DISCUSSION

The scope of discovery is broad "in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998).  The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).  Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonpriviledged matter that is relevant to any party's claim or defense."  Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292,

296 (E.D. Pa. 1980); *see also Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984).

   While the scope of discovery is broad, it is not without limits. *Washington v. Brown & Williamson Tobacco,* 959 F.2d 1566, 1570 (11th Cir.1992).  Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" *Donahay v. Palm Beach Tours & Transp., Inc.*, 2007 WL 1119206 (S.D. Fla. Apr. 16, 2007) (citing *Food Lion, Inc. v. United Food & Commercial Workers Intern., Union,* 103 F.3d 1007, 1012-13 (C.A.D.C.1997) (quoting *Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc.,* 21 F.R.D. 347, 352 (S.D.N.Y.1958)).

   Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).  Objections to discovery on the grounds that it is over broad and not relevant are not sufficient, the objecting party should state why the discovery is overly broad or not relevant. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).  The objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." *Lane v. Capital Acquisitions,* 242 F.R.D. 667, 670 (S.D. Fla. 2005). "'Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, ... each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."'"

*Id.* (*quoting Compagnie Francaise d'Assurance Pour leCommerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y.1984)).

Here, Plaintiff does not argue that the requested information is irrelevant; rather, Plaintiff argues that the information is outside of the scope of discovery because it is protected by the attorney-client privilege and work product doctrine. The Court will address each issue in turn.

### *Attorney-Client Privilege*

Plaintiff asserts that items 1 and 4, as identified on the privilege log, are protected by the attorney-client privilege. (Doc. 29, Exhs. 5-6; Doc. 32). The attorney-client privilege protects communications between a client and his attorney made in confidence for the purpose of securing legal advice or assistance. *S.E.C. v. Dowdell*, 2006 WL 3876294, at *3 (M.D. Fla. May 15, 2006) (citing *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994)). In federal diversity actions, as here, Florida law governs the application of the attorney-client privilege. *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 696 (S.D. Fla. 2007). In Florida, communications between a lawyer and a client are "confidential" and, barring exception, not subject to disclosure. Fla. Stat. § 90.502. The party claiming the attorney-client privilege has the burden of establishing it. *Southern Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1383 (Fla. 1994).

Here, Plaintiff has the burden to establish the applicability of the attorney-client privilege, which it has done. Specifically, Plaintiff represents that these documents are communications between attorney Ms. Betty Marion and the City, discussing the evaluation of the employee's claim in light of Defendant's refusal to provide coverage. (Docs. 29-6; 32). The Court accepts Plaintiff's representations and finds no reason why these communications would not be

protected.    Moreover,  Defendant  does  not  claim  that  any  exception  to  the  attorney-client

privilege applies.   Accordingly, Plaintiff need not produce these documents.

### Work Product Doctrine

Plaintiff  contends  that  the  remaining  documents  (items  8-15)  on  the  privilege  log  are

protected by the work product doctrine.   (Doc. 29, Exhs. 5-6; Doc. 32).   Defendant, however,

argues that it is entitled to the entire worker's compensation claim file, citing to *Allstate v. Ruiz*,

899 So. 2d 1121, 1129 (Fla. 2005).   *Ruiz*, though, was an insurance dispute dealing with a bad

faith claim, where a party sought the claim file.   In contrast, this is a breach of contract action,

and the Court declines to extend *Ruiz* to apply to the worker's compensation claim file here.[2]

The work product doctrine protects from disclosure material prepared in anticipation of

litigation by or for a party or that party's representative (including its attorney).   *Auto Owners

Ins.  Co.  v.  Totaltape,  Inc.*,  135  F.R.D.  199,  201  (M.D.  Fla.  1990)  (citing  *In  re  Grand  Jury

Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979)); Fed. R. Civ. P. 26(b)(3).   The party claiming

work product protection bears the burden of demonstrating its applicability.   *Id.* (citing *Barclay

American  Corp.  v.  Kane*,  746  F.2d  653,  656  (10th  Cir.  1984)).    The  work  product  doctrine

protects documents "generated based on the anticipated probability that litigation will follow at

the time the documents were drafted."   *Place St. Michel, Inc. v. Travelers Property Cas. Co. of

America*, 2007 WL 1059561, at *2 (S.D. Fla. Apr. 4, 2007).   A litigant, however, may gain

access to otherwise privileged information upon showing a substantial need for the information

to prepare its case <u>and</u> upon showing that he is unable without undue hardship to obtain the

---

[2] Defendant also claims that it is entitled to the worker's compensation claim file citing to Section L of the parties'
Excess Agreement, which provides that it has the right to inspect and/or audit the records of the employer, including
records pertaining to "claims matters."   While this may be so, based on the present filings it is not apparent to the
Court that Section L was intended to serve as a discovery tool after a claim was denied and litigation commenced,
nor is it apparent (or argued by Defendant) that such provision would overcome the attorney-client privilege or work
product doctrine.

substantial equivalent of the materials by other means.  *State of Fla. ex rel. Butterworth v. Industrial Chemicals, Inc.*, 145 F.R.D. 585, 588 (N.D. Fla. 1991) (emphasis added).

Here, Plaintiff has the burden to establish the applicability of the work product doctrine. Plaintiff contends these documents are protected by the work product doctrine because they pertain to the handling of the employee's claim after and in light of Defendant's reservation of rights letter, and include thoughts, recommendations, and actions of Plaintiff's counsel.

At the outset it is important to note two letters.  Plaintiff refers to the first letter as the "reservation of rights letter," dated August 22, 2007.  (Doc. 21-2).  In this letter, Defendant appears to put the City on notice of its intent to deny excess coverage and informs the City that it should settle the employee's claim.  (*See* Doc. 21-2).  The second letter, dated May 15, 2008, actually notified the City that it was denying coverage of the employee's claim.  (*See* Doc. 21-2). Plaintiff contends that it anticipated litigation on the date of the first letter, and withheld from production or redacted documents accordingly.  However, simply based on a review of these two letters and Plaintiff's privilege log, it is difficult for the Court to ascertain <u>when</u> Plaintiff anticipated litigation and began discussing litigation strategy, as it states it did.

Initially, there is nothing in the pleadings to suggest that Plaintiff anticipated litigation prior to August 22, 2007, the date of the first letter.  Accordingly, Plaintiff shall produce to Defendant the information withheld by Plaintiff as work product, dated <u>prior to</u> August 22, 2007. A review of Plaintiff's privilege log reflects that Plaintiff shall produce to Defendant those documents listed in item 15, dated prior to August 22, 2007.  <u>Plaintiff shall do so on or before</u> **April 26, 2013.**

The Court will next address the documents withheld by Plaintiff that are dated on or after August 22, 2007.  As stated, a party ***may*** gain access to information protected by the work

product doctrine upon showing a substantial need for the information to prepare its case <u>and</u> upon showing that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  *State of Fla. ex rel. Butterworth v. Industrial Chemicals, Inc.*, 145 F.R.D. 585, 588 (N.D. Fla. 1991) (emphasis added).  Here, Defendant represents that it has deposed the three individuals who handled the employee's claim on behalf of Plaintiff, and, as Defendant represents, these three individuals were unable to recall many of the details or events that transpired over the employee's claim.  As such, Defendant seeks the documents in the employee's worker's compensation claim file, so Defendant can fully ascertain the manner in which the employee's claim was handled, which is relevant to Defendant's defense (i.e., that Plaintiff failed to use diligence, prudence, and good faith in the defense and settlement of the employee's claim).

Defendant appears to have done its due diligence and attempted to gain the information it currently seeks through other sources, such as appropriate deposition testimony.  However, in light of the fact that the employee's claim has been ongoing for over ten years and Defendant's representation that many of the deposed individuals simply cannot recall the details of how the employee's claim was handled, the Court agrees with Defendant that the documents and information in the worker's compensation claim file may be the only meaningful source available that contains the information relevant to Defendant's defense (i.e., how the Plaintiff pursued the employee's claim).

Accordingly, it appears to the Court that Defendant *may* be entitled to some of the information dated on or after August 22, 2007.  Because it is difficult for the Court to ascertain, simply based on the privilege log, which documents, if any, must be produced, any documents withheld by Plaintiff as work product, dated on or after August 22, 2007, shall be **filed under**

seal with the Court by **Friday, April 26, 2013,** for an *in camera* inspection.  A review of the privilege log reflects that Plaintiff shall provide to the Court items 8-14, and the documents in item 15, dated on or after August 22, 2007 (Plaintiff shall include, for comparison, those redacted documents previously produced to Defendant that are at issue in this motion and corresponding un-redacted copies of such documents).  Upon receipt, the Court will review the information and determine whether the information pertains to Plaintiff's anticipation of litigation (as Plaintiff states they do) and whether the information further pertains to Defendant's claimed defense.

## II. CONCLUSION

Based on the foregoing, Defendant's Motion (Doc. 29) is **GRANTED IN PART and DENIED IN PART**, as set forth herein.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on April 24, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

All Counsel

- 9 -